## HUGUS v. UNITED STATES.

District Court, N. D. Texas, Dallas Division.
February 24, 1928.

No. 3802.

Army and navy ⚖️51½—Where insured soldier, suffering from compensable disability, dies intestate, leaving neither widow nor children, but dependent mother and father, mother is entitled to insurance (World War Veterans' Act, § 305, as amended [38 USCA § 516]).

Under World War Veterans' Act, § 305, as amended by Act July 2, 1926 (38 USCA § 516), where an insured veteran, coming within the provisions of said section, dies intestate, leaving neither widow nor children, but dependent mother and father, the mother is entitled to the insurance, to the exclusion of the father.

At Law. Action by E. E. Hugus against the United States. On demurrer by defendant. Demurrer sustained, and cause dismissed.

Sarah T. Hughes, of Dallas, Tex., for plaintiff.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and Eric Eades, Atty. Veterans' Bureau, of Dallas, Tex., for the United States.

ATWELL, District Judge. The plaintiff is the surviving father of the deceased soldier. The soldier's mother also survives, but he left no widow nor children. Both the father and the mother are dependent. He died intestate. The bureau allotted the insurance, which was graciously kept in force by the act under consideration, to the mother.

Did the government correctly construe the proviso of section 305 of the World War Veterans' Act of 1924, as amended July 2, 1926 (38 USCA § 516)? The plaintiff contends that the phrase "dependent mother or father" should read, "dependent mother and father." The contention is sought to be supported by two propositions: (a) Prior legislation treated dependent parents in the same manner, and it is therefore to be presumed that Congress intended to continue such treatment; (b) when both context and connection show that "and" should be used, instead of "or," it will be substituted by the court.

The argument made in support of these two propositions is about as much as could be said in the face of the plainness of the statute. It is ingenuous, and learnedly exhaustive. Its efficacy, in so far as the second proposition is concerned, would be unquestioned, if correct grammar were a sine qua non of law writing. The court is not a censor morum. The court merely ascertains the intention of the lawmaker from the text, and, if the text is unambiguous there is no reason for construction.

The Congress said "that insurance hereafter revived under this section and section 309 (38 USCA § 516b), by reason of permanent and total disability or by death of the insured, shall be paid only to the insured, his widow, child, or children, dependent mother or father, and in the order named unless otherwise designated by the insured during his lifetime or by last will and testament." What it said might have been said more grammatically, but hardly more certainly. It seems quite clear that it was the intention that the beneficiaries should be graded as provided, namely, the widow first, then the child or children, then a dependent mother, and thereafter a dependent father. To hold otherwise would be to give no effect to what is written, as well as no effect to the phrase "and in the order named."

Cases such as Standard Underground Cable Co. v. Attorney General, 46 N. J. Eq. 270, 19 A. 733, 19 Am. St. Rep. 394, and Alexander v. State, 84 Tex. Cr. R. 75, 204 S. W. 644, are useless here, as is also 2 Corpus Juris, 1338, and 40 Cyc. 1405. The cases and all rules bearing upon the doubtful intention of the Legislature are as needless here as would be artificial light at noonday.

The plaintiff having expressed a determination not to amend, the demurrer will be sustained, and the cause dismissed.